UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

MICHELE SMITH, M.M., a minor by and through his guardian ad litem MICHELE SMITH,

Plaintiffs,

v.

ANTIOCH UNIFIED SCHOOL DISTRICT, TOBINWORLD, SARAH FORGHANI, ANDREW ALTES and DOES 1 - 30,

Defendants.

Case No. 16-cv-01676-RS

**ORDER GRANTING DEFENDANT TOBINWORLD'S MOTION TO DISMISS PLAINTIFFS' FIRST AMENDED COMPLAINT, FIFTH CLAIM FOR RELIEF**

**I. INTRODUCTION**

M.M. is a minor child with cognitive and physical disabilities. Due to his disabilities, the Antioch Unified School District ("AUSD") arranged for M.M. to be placed in a private school for disabled children called Tobinworld 2. Plaintiffs contend that just two weeks after M.M. started classes, Tobinworld personnel began restraining him improperly and without justification for excessive periods of time. Outraged, M.M.'s mother, Smith, removed M.M. from the school and filed suit against AUSD, Tobinworld, Sarah Forghani (its principal), and Andrew Altes (an administrator). In response, Tobinworld moved to dismiss some of Plaintiffs' claims, including a claim under California's Unfair Competition Law ("UCL"), Cal. Bus. & Prof. Code §17200. That motion was granted in part and denied in part on June 28, 2016 ("Order" or "prior order"). In particular, the prior order dismissed Plaintiffs' UCL claim with leave to amend on the ground that Plaintiffs failed to allege that Tobinworld's conduct had caused economic injury as required for statutory standing.

On July 28, 2016, Plaintiffs filed a First Amended Complaint ("FAC") in which Smith

alleges that she spent money on educational materials for M.M. after she removed him from Tobinworld. Tobinworld now moves to dismiss the FAC's UCL claim. Tobinworld challenges Plaintiffs' standing and argues that Plaintiffs have not alleged a plausible claim for relief under the UCL.[1] Plaintiffs fail to allege reliance on Tobinworld's advertising, so they lack standing to sue under the UCL for misleading advertising. Moreover, because Plaintiffs fail to plead entitlement to injunctive relief or restitution, their UCL claim is dismissed without leave to amend. Pursuant to Civil Local Rule 7-1(b), this matter is suitable for disposition without oral argument and the September 29, 2016, hearing will be vacated.

## II. FACTUAL BACKGROUND

The prior order described the allegations in the original complaint in detail. For purposes of this motion, it is important to note that, in the original complaint, Plaintiffs alleged that Tobinworld's conduct caused M.M. to suffer physical and psychological injuries. In the FAC, Plaintiffs add a new allegation of injury:

> Smith has had to purchase numerous items to educate M.M. after his removal from Tobinworld. She has spent money on work books, reading books, and flash cards as well as computer equipment to create and print worksheets for him. She has further had to spend money to take him on educational outings and provide him opportunities to socialize with other children. Smith has expended these funds to try to offset the education that M.M. should have been receiving at Tobinworld and through AUSD.

FAC ¶ 127. In support of their UCL claim, Plaintiffs allege:

> As a direct result of TOBINWORLD's aforementioned unlawful, unfair and fraudulent business acts, including repeated excessive restraining of M.M. and physically and emotionally damaging M.M. and TOBINWORLD's unfair, deceptive, untrue and misleading advertising about TOBINWORLD's use of state of the art behavioral modification systems and having appropriate specialists design individualized behavioral plans, Plaintiffs have had to remove M.M. from attending Tobinworld and have suffered economic injuries by having to purchase multiple items to educate

---

[1] The motion is brought by Tobinworld and Forghani, but Plaintiffs' UCL claim is only against Tobinworld.

M.M. in lieu of Tobinworld educating M.M. *Id.* ¶ 159. Plaintiffs bring several claims against Tobinworld, including: violation of the Rehabilitation Act of 1973 (29 U.S.C. § 794); violation of the Unruh Civil Rights Act (Cal. Civ. Code § 51 *et seq.*); violation of the UCL; intentional infliction of emotional distress; negligence; negligent hiring, supervision, or retention; and violation of California Education Code § 220. Plaintiffs pray for damages, civil penalties, and "appropriate equitable relief." FAC Prayer ¶ 1-7. Tobinworld moves to dismiss only the UCL claim.

### III. LEGAL STANDARD

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). While "detailed factual allegations" are not required, a complaint must have sufficient factual allegations to "state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atl. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim is facially plausible "when the pleaded factual content allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* This standard asks for "more than a sheer possibility that a defendant acted unlawfully." *Id*. The determination is a context-specific task requiring the court "to draw on its judicial experience and common sense." *Id*. at 679.

A motion to dismiss a complaint under Rule 12(b)(6) of the Federal Rules of Civil Procedure tests the legal sufficiency of the claims alleged in the complaint. *See Parks Sch. of Bus., Inc. v. Symington*, 51 F.3d 1480, 1484 (9th Cir. 1995). Dismissal under Rule 12(b)(6) may be based either on the "lack of a cognizable legal theory" or on "the absence of sufficient facts alleged under a cognizable legal theory." *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990). When evaluating such a motion, the court must accept all material allegations in the complaint as true, even if doubtful, and construe them in the light most favorable to the non-moving party. *Twombly*, 550 U.S. at 570. "[C]onclusory allegations of law and unwarranted inferences are insufficient to defeat a motion to dismiss for failure to state a claim." *Epstein v. Wash. Energy Co.*, 83 F.3d 1136, 1140 (9th Cir. 1996); *see also Iqbal*, 556 U.S. at 678

("threadbare recitals of the elements of the claim for relief, supported by mere conclusory statements," are not taken as true).

## IV. DISCUSSION

As the prior order explained, section 17200 of California's UCL prohibits "unlawful, unfair, or fraudulent business acts or practices" and "unfair, deceptive, untrue or misleading advertising." Cal. Bus. & Prof. Code § 17200. To satisfy the UCL's standing requirements, a party must "(1) establish a loss or deprivation of money or property sufficient to qualify as injury in fact, i.e., economic injury, and (2) show that that economic injury was the result of, i.e., caused by, the unfair business practice or false advertising that is the gravamen of the claim." *Kwikset Corp. v. Superior Court*, 51 Cal. 4th 310, 322 (2011); *see also* Cal. Bus. & Prof. Code § 17204. Here, Plaintiffs allege that Tobinworld's conduct forced Smith to remove M.M. from Tobinworld. They allege that Smith consequently "suffered economic injuries by having to purchase multiple items to educate M.M. in lieu of Tobinworld educating M.M." FAC ¶ 159. Tobinworld contends that Plaintiffs fail to state a claim under the UCL.

### A. Statutory Standing

Tobinworld argues that Plaintiffs lack standing to bring a UCL claim based on its advertising or its alleged physical and emotional abuse.

#### *1. Advertising*

Plaintiffs allege that Smith suffered economic injury "as a direct result" of Tobinworld's advertising. FAC ¶ 159. Smith does not allege, however, that she ever saw or relied upon the advertising. To the contrary, Plaintiffs admit that AUSD, not Smith, made the decision to send M.M. to Tobinworld. *See id.* ¶ 15 ("M.M. has received special education services selected by, paid for and coordinated through the Antioch Unified School District"); *id.* ¶ 16 ("M.M. began as a special education student assigned by AUSD to Tobinworld"); *id.* ¶ 17 ("AUSD placed M.M. in Tobinworld"). "[R]eliance is the causal mechanism of fraud." *Kwikset Corp.*, 51 Cal.4th at 326 (quoting *In re Tobacco II Cases*, 46 Cal.4th 298, 326 (2009)). The FAC thus does not connect

Tobinworld's advertising to the economic injury that Smith allegedly suffered. Plaintiffs lack standing to bring a UCL claim based on Tobinworld's advertising.

### 2. Physical and Emotional Abuse

Plaintiffs also allege Smith suffered economic injury "as a direct result" of Tobinworld's physical and emotional abuse of M.M. FAC ¶ 159. If, as a result of unfair competition, a plaintiff was "required to enter into a transaction, costing money or property, that would otherwise have been unnecessary," then a plaintiff has suffered economic injury. *Kwikset*, 51 Cal.4th at 323.

Tobinworld argues that its conduct did not cause Smith's economic injury because Smith was not required to buy any educational materials. A similar issue has arisen in the data breach context. There, plaintiffs allege that they were required to purchase credit monitoring services after a disclosure of their personal identifying information. The case law is still developing. *See Corona v. Sony Pictures Entm't, Inc.*, No. 14–CV–09600 RGK, 2015 WL 3916744, *5 (C.D. Cal. June 15, 2015) ("[T]he Court finds that [p]laintiffs adequately allege a cognizable injury by way of costs relating to credit monitoring, identity theft protection, and penalties."); *Witriol v. LexisNexis Grp.*, No. C05-02392 MJJ, 2006 WL 4725713, *6 (N.D. Cal. Feb. 10, 2006) ("Plaintiff has expressly alleged that[] he and the Class Members have incurred costs associated with monitoring and repairing credit impaired by the unauthorized release of private information. Thus, plaintiff has sufficiently alleged that he has suffered actual injury and sustained monetary loss as a result of [d]efendants' actions.") (internal quotation marks omitted); *but see Ruiz v. Gap, Inc.*, No. 07-5739 SC, 2009 WL 250481, at *3 (N.D. Cal. Feb. 3, 2009), *aff'd*, 380 F. App'x 689 (9th Cir. 2010) (plaintiff could not establish that defendant's acts had caused him to lose money or property where he "and putative class members incurred costs and spent time associated with monitoring and repairing their credit, [but] Gap sent Plaintiff and the putative class members a notice letter offering twelve months of credit reporting and fraud assistance without charge"). To determine if the costs of credit monitoring after a data breach are recoverable in negligence, courts have generally analogized to medical monitoring cases, which require a plaintiff to plead that the

monitoring costs were "both reasonable and necessary." *In re Sony Gaming Networks & Customer Data Sec. Breach Litig.*, 996 F.Supp.2d 942, 970 (S.D. Cal. 2014). "[T]his is a high burden and requires a plaintiff to plead both a logical and temporal connection between the decision to purchase credit monitoring services and the defendant's alleged breach." *Id*. Some courts have found such showing satisfies the UCL's standing requirements. *See, e.g., Corona*, 2015 WL 3916744, *4-5, 8.

Here, Plaintiffs establish a logical and temporal connection between Tobinworld's conduct and Smith's injury. To have standing under the UCL, a plaintiff need only allege that the defendant's conduct was an "immediate" cause and not the "sole" cause of the plaintiff's injury. *In re Tobacco II*, 46 Cal.4th at 328. As the prior order noted, it would be difficult for students to participate in class, "while being physically restrained or while peeking up from the arm violently pinning their head against the surface of their desk." Order 6. Taken as true, Plaintiffs' allegations regarding Tobinworld's conduct connect logically to Smith's alleged purchase of materials to educate M.M. at home. Plaintiffs do not allege that Tobinworld or AUSD offered Smith any educational services or materials after Smith removed M.M. from the school. To the contrary, Smith requested that AUSD change M.M.'s placement which AUSD denied. FAC ¶ 119. Plaintiffs have alleged adequately that Tobinworld's conduct caused their economic injury.

### B. Failure to Plead Entitlement to Relief

Tobinworld argues that Smith's prophylactic expenses are not actionable under the UCL because Smith did not pay for Tobinworld's services. The UCL provides only two remedies, injunctive relief and restitution. Cal. Bus. & Prof. Code § 17203. To state a claim a plaintiff generally must plead facts that "plausibly give rise to an entitlement to relief." *Ashcroft*, 556 U.S. at 679. Tobinworld contends that Plaintiffs "fail to state a claim upon which relief can be granted for unfair business practice against Tobinworld." Mot. at 4.

In the FAC, Plaintiffs include a nominal request for "appropriate equitable relief." FAC Prayer, ¶ 2. They do not specifically request or otherwise plead entitlement to injunctive relief.

Smith removed M.M. from Tobinworld, so Plaintiffs do not allege a threat of continuing misconduct. *See Sun Microsystems, Inc. v. Microsoft Corp.*, 188 F.3d 1115, 1123 (9th Cir.1999) (no injunctive relief in the absence of a showing that past conduct will probably recur), *abrogated on other grounds by eBay Inc. v. MercExchange, L.L.C.*, 547 U.S. 388, 126 S.Ct. 1837, 164 L.Ed.2d 641 (2006). Plaintiffs' "nominal request for [appropriate equitable relief] in its prayer for relief is insufficient to plead entitlement." *Ice Cream Distribs. of Evansville, LLC v. Dreyer's Grand Ice Cream, Inc.*, 487 F. App'x. 362, 363 (9th Cir. 2012).

Plaintiffs do not request or plead entitlement to restitution either. The UCL defines restitution as that which is "necessary to restore to any person in interest any money or property, real or personal, which may have been acquired by means of such unfair competition." Cal. Bus. Prof. Code § 17203. "A restitution order against a defendant thus requires both that money or property have been lost by a plaintiff, on the one hand, and that it have been acquired by a defendant, on the other." *Kwikset*, 51 Cal.4th at 336. The indirect connection between Smith's expenditures and Tobinworld's conduct would entitle Smith, at best, to damages, which are simply not available under the UCL. *See Ice Cream Distribs. of Evansville,* 487 F. App'x at 363 (affirming dismissal of plaintiff's UCL claim where plaintiff failed to plead entitlement to restitution or injunctive relief); *In re Sony Gaming Networks*, 903 F.Supp.2d at 966, 970 (dismissing plaintiffs' UCL claim where they failed to establish entitlement to restitution because they "received the PSN services free of cost" and "Sony did not benefit financially from the Data Breach, nor did Sony receive monies paid by Plaintiffs for Third Party Services").

**C. Leave to Amend**

The UCL claim is dismissed without leave to amend. First, amendment cannot cure the deficiencies of Plaintiffs' claim based on Tobinworld's advertising. *Lucas v. Dep't of Corr.*, 66 F.3d 245, 248 (9th Cir.1995). The prior order alerted Plaintiffs to their failure to plead economic injury caused by Tobinworld's conduct and Plaintiffs failed to cure this deficiency in the FAC. *See* Order at 12. Second, with respect to Plaintiffs' failure to plead entitlement to relief,

amendment would also be futile. *Dumas v. Kipp*, 90 F. 3d 386, 393 (9th Cir. 1996). Plaintiffs pleaded that AUSD, not Smith, selected and paid for Tobinworld and that M.M. is no longer enrolled in Tobinworld. FAC ¶ 159. They have thus foreclosed the possibility of plausibly stating entitlement to relief under the UCL.

## V. CONCLUSION

Plaintiffs' UCL claim against Tobinworld is dismissed without leave to amend.

**IT IS SO ORDERED**.

Dated: September 26, 2016

RICHARD SEEBORG
United States District Judge