UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

San Francisco Division

| | |
|---|---|
| MICHELE SMITH, et al., <br> Plaintiffs, <br> v. <br> TOBINWORLD, et al., <br> Defendants. | Case No. 16-cv-01676-RS (LB) <br><br> **DISCOVERY ORDER** <br> Re: ECF No. 112 |

The plaintiff and the Antioch school district have discovery disputes. (*See* Letter Brief – ECF No. 112.) The court held a discovery hearing on June 29, 2017, and rules as follows.

1. **Interrogatories 1–3**

These ask the defendants to identify anyone who complained that Tobinworld teachers, staff, vendors, or consultants "physically interact[ed] with students in an inappropriate manner."[1] The plaintiff specifically asks for the names of the complainants — *i.e.,* that the answers be uncensored.

The dispute boils down to whether the defendant must search hard-copy files for complaints that did not show up in ESI. The parties agreed to narrow the topical and temporal scope of this

---
[1] ECF No. 112 at 2.

ORDER — No. 16-cv-01676-RS

request. After that narrowing, the defendant argues that hard copies will merely duplicate the ESI. The plaintiff disagrees. The defendant says that it will have to search 399 hard-copy student files to answer these interrogatories and that this is too burdensome. The plaintiff responds that the correct number is more like 224.[2]

On this record, the defendant has the better argument. The defendant convincingly points out that, during the relevant period (from 2010 to 2016), the bulk of communication would have been by, or at least included some, electronic communication. Thus, whatever the defendant may have that is responsive should show up in ESI. Any complaint that student was inappropriately contacted would likely leave some trace in ESI. And the defendant is producing responsive ESI on this request.

Going beyond that into voluminous hard-copy files — at least without evaluating the ESI production first — probably is disproportionate to the lawsuit's needs. The defendant also convincingly argues that the hard-copy review is too burdensome in these circumstances. The plaintiff's paper file was just under 1700 pages long. The defendant takes that as an average file length (which is debatable) and accepts the plaintiff's estimate that there will be 224 such files. Even then, the defendant argues, forcing it to do a paper search of roughly 381,000 pages is too burdensome. If we halve the defendant's proposed average file length, that is still about 190,000 pages. That does seem excessive when responsive matter really should show up somehow in ESI.

For now, the court's ruling is that the ESI is the first step. It may be that the ESI will illuminate relevant paper files. In the meantime, the school district agreed at the hearing to see whether there really are 399 paper files; the plaintiff points out that the number may be smaller because presumably some students are enrolled over several years. Moreover, the plaintiff suggested that they would narrow their years for production.

---

[2] These numbers reflect the number of students that defendant AUSD placed at Tobinworld for the agreed-upon period. The plaintiff argues that the defendant's sum of 399 fails to parse out overlap in student enrollment. That is, in the plaintiff's view, some of the same students would have returned to Tobinworld for more than one year. There would not be two, or three, or however many files for this student; there would be only one. The defendant replies that this is simply not true of special-education students, who are highly "transient."

1    As for redacting complainants' names, the defendants seem correct that this issue is adequately

2    covered by the parties' stipulation. (Which they reproduce here as ECF No. 112 at 36–37.) This is

3    essentially the process that the court approved in its prior order regarding Tobinworld.

**2. Interrogatory 4**

The plaintiff seeks all reports that the defendant has made to law enforcement or Child Protective Services (from 2009 to 2016) "concerning the conduct of teachers, aides, or other Tobinworld staff." The defendant answers that releasing such information is barred by Cal. Penal Code §§ 11167(d) and 11167.5(a)-(b). These statutes (attached here), in short, make confidential and prohibit the disclosure of child-abuse reports except in particular situations (Cal. Penal Code § 1167.5(b)(1)–(14)) that do not apply here. This includes barring the disclosure of the identity of the person making the reports.

The defendant need not produce this material. The defendant is correct: The statutes clearly bar the disclosure of this material. No exception applies. Indeed, the plaintiff does not argue that any particular exception applies; instead, it makes two tangential attacks on the application of §§ 11167(d) and 11167.5(a)(–(b).

First, the plaintiff argues that these statutes "do not make confidential the fact that the report was made, the date of the report, or the identity of the agency to which the report was made." (ECF No. 112 at 6.) The court disagrees. The bar against disclosure seems absolute. Section 11167.5(a) says flatly that such "reports . . . shall be confidential" and can be "disclosed only as provided in subdivision (b)." Where is the wiggle room? Moreover, the statutes moreover extensively identify the agencies and officials to whom such information can be disclosed. Presumably, this is meant to ensure that the information can reach all the proper custodial, remedial, and prosecutorial authorities. *See* Cal. Penal Code §§ 11167(d)(1), 11167.5(b)(1)–(14). Civil litigants do not appear among these entities. *Id.*

Second, the plaintiff argues that these laws have not been "applied" to completely bar the disclosure of such material. In *Cuff v. Grossmont Union High Sch. Dist.*, 221 Cal. App. 4th 582 (2013), the plaintiff points out, the appellate court's decision recounts facts that the statute arguably bars from disclosure. (*See* ECF No. 112 at 6.) Thus, concludes the plaintiff, the statute cannot really bar that release of the information: "Clearly, such details regarding reports are not confidential, otherwise the Court of Appeal would not have recounted them in its opinion. (*Id.*) This seems plainly wrong. The defendant has the better view of this. The *Cuff* court was not addressing whether or not these statutes made confidential the information that they appear to make confidential. Nor any other proximate question. *Cuff* asked whether the reporting school counselor enjoyed qualified immunity for disclosing a child-abuse report. *See* 221 Cal .App. 4th at 584–85. It does not ask whether, much less deny that, such a report is confidential and protected from disclosure in the first place. To the contrary. *Cuff* presupposes that a child-abuse report is so protected. *Id.* at 590–91. Furthermore, *Cuff* revealed these facts in discussing the underlying situation of abuse (*id.* at 585–86); as the plaintiff says, it mentions the protected facts "[i]n recounting the factual background of the case" (ECF No. 112 at 6). It did not reveal them in discussing a child-abuse report *qua* report. The statutes do cover some of the facts that *Cuff* mentions. But — at least with respect to an analysis that (unlike *Cuff*) focuses exactly on §§ 11167 and 11167.5 — *Cuff's* revelations must be deemed inadvertent. At all lengths, it would be too much to infer from *Cuff's* revelation — from our perspective, maybe it can be called a slip of the tongue — that these statutes do not protect what they expressly say they protect.

The court does think that any reports made to law enforcement point to the existence of responsive information in the form of underlying files that contain relevant complaints.

### 3. Request for Production No. 12

The plaintiff seeks documents relating to "any incident reports or emergency intervention reports for AUSD students attending Tobinworld." (ECF No. 112 at 7.) The request is not limited in time. (*Id.* at 21.) The plaintiff also seems to disagree with the defendant's response that it will produce this information with "student and other information" redacted for privacy.

ORDER — No. 16-cv-01676-RS 4

The defendant responds that it will not produce "incident reports" for other Tobinworld students. It also argues that the only relevant information of this sort is already captured by the "inappropriate physical interaction" material that it will produce.

The court's ruling on the first issue disposes of this. The parties will begin with the ESI and then evaluate the extent of the paper files (meaning, are there really 399 voluminous files?) and whether the plaintiff might narrow the years to reduce the burden. And again, the privacy concern should be addressed by the existing "process." The names and other personally identifying information should be redacted. If something about a particular report suggests that the plaintiff is entitled to the associated identifying information, then the plaintiff can request that the specific report be unmasked.

**IT IS SO ORDERED.**

Dated: June 30, 2017

LAUREL BEELER
United States Magistrate Judge